**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| EVERADO MACA, an individual,<br><br>                      Plaintiff,<br><br>   v.<br><br>U.S. ATTORNEY GENERAL,<br>AND DISTRICT DIRECTOR,<br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES,<br><br>                      Defendants. | Case No. 2:14-CV-00299-APG-PAL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Dkt. #11)** |

      This case arises out of the 2005 expedited removal of Plaintiff Everado Maca, a citizen of Mexico.[1] Maca seeks to reopen his expedited removal proceedings and compel the adjudication of his application for cancellation of removal.[2] Defendants move to dismiss, arguing I have no subject matter jurisdiction to review an expedited removal order and that Maca lacks standing because he is ineligible for cancellation relief.[3]

      Because I have no jurisdiction to reopen the expedited removal order and Maca lacks standing to seek adjudication of his application for cancellation, I grant defendants' motion to dismiss.

/ / / /

/ / / /

---

[1] (Dkt. #1 at 2.)

[2] *Id.* at 6.

[3] (Dkt. #11 at 3.) Because I grant defendants' motion to dismiss on the ground that I lack subject matter jurisdiction to consider Maca's claims, I do not reach the issues of whether Maca has failed to state a claim under Rule 12(b)(6) or whether USCIS is an improperly named defendant. *Id.*

## I. BACKGROUND

Everado Maca first came to the United States in 1989.[4] Since that time, he and his wife have had four children, all of whom are U.S. citizens.[5] Maca maintained continuous residence in the United States until September 2005 when he returned to Mexico.[6]

On October 9, 2005, Maca attempted to reenter the United States at the Calexico, California point of entry by fraudulently presenting a border crossing card bearing someone else's name and photograph.[7] Maca was served with an expedited removal order under 8 U.S.C. § 1225(b)(1) for attempting to enter the country fraudulently.[8]

The expedited removal order barred Maca from seeking admission into the United States prior to 2010.[9] Nevertheless, on October 10, 2005, Maca illegally crossed the border and has resided in the United States since.[10] On October 24, 2012, Maca appeared at the Las Vegas office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE) to inquire about work authorization.[11] ERO discovered that Maca was the same individual subject to an expedited removal order under the name Juan C. Contreras Sanchez.[12] ERO elected not to detain Maca due to a medical condition and released him on an Order of Supervision.[13] Maca has complied with this order.[14]

---

[4] (Dkt. #1 at 1.)
[5] *Id.*
[6] *Id.* at 1–2; (Dkt. #12-1 at 3).
[7] (Dkt. #11-1 at 2.)
[8] *Id.* at 3.
[9] (Dkt. #11-3 at 1.)
[10] (Dkt. #1 at 2.)
[11] (Dkt. #11-1 at 3.)
[12] *Id.*
[13] *Id.* at 3–4.
[14] *Id.* at 4.

On April 1, 2013, Maca moved to stay his removal proceedings.[15] The request was approved and removal proceedings were stayed until October 1, 2013.[16] Maca requested another stay but that request was denied.[17] On February 26, 2014, Maca's Order of Supervision was cancelled and he was told to leave the United States.[18] Maca filed a "Complaint for Writ of Mandamus" with this court on February 26, 2014.[19]

**II.   LEGAL STANDARD: MOTION TO DIMISS UNDER RULE 12(b)(1)**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts that are sufficient to establish subject matter jurisdiction.[20] Because the plaintiff is the party invoking the court's jurisdiction, he bears the burden of proving that the case is properly in federal court.[21]

**III.   DISCUSSION**

Maca challenges his expedited removal order by arguing that the immigration officer violated due process rights by failing to inform Maca about his ability to seek cancellation of removal.[22] Alternatively, Maca argues his removal order should be cancelled. I do not have jurisdiction over either of these claims.

   **a.   Subject Matter Jurisdiction to Review Maca's Expedited Removal Order.**

The expedited removal in this case falls under 8 U.S.C. § 1225(b)(1), which provides that when an alien attempts to enter the United States by presenting fraudulent immigration

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] (Dkt. #1.)

[20] *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

[21] *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[22] (Dkt. #11 at 2.)

3

documents, "the [examining immigration] officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution.'"[23]

Pursuant to 8 U.S.C. § 1252(e), I have jurisdiction to review a § 1225(b)(1) expedited removal order only by habeas corpus petition.[24]  Even then, I may review only certain enumerated factual determinations including: (1) whether the petitioner is an alien; (2) whether the petitioner was ordered removed under § 1225(b)(1); and (3) whether the petitioner can prove by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence, a refugee, or an asylee.[25]

Here, Maca has not filed a habeas corpus petition.  On that basis alone, I lack jurisdiction.  Moreover, Maca does not raise any of the issues I may review under a habeas petition, such as that he is not an alien, that he was not ordered removed under § 1225(b)(1), or that he is a lawful permanent resident, refugee, or asylee.  Because Maca has not asked for review on any permissible basis,  I have no jurisdiction to review the validity of his expedited removal order.

### b. Cancellation of expedited removal orders under 8 U.S.C. § 1229b.

Maca also argues that, even if his expedited removal order is not reviewable, he is eligible for cancellation of removal under 8 U.S.C. § 1229b and that defendants should be forced to adjudicate his cancellation.  Defendants argue that Maca is statutorily ineligible for cancellation of removal and therefore his cancellation claim should be dismissed for lack of standing.[26]

---

[23] *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1081 (9th Cir. 2011) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)).

[24] 8 U.S.C. § 1252(e); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008); *see also Galindo-Romero v. Holder*, 640 F.3d 873, 875 n. 1 (9th Cir. 2011).

[25] *Garcia de Rincon*, 539 F.3d at 1138–39; *see also* 8 U.S.C. § 1252(e)(5) ("In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry [is] limited to whether such an order in fact was issued and whether it relates to the petitioner. *There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal*.") (emphasis added).

[26] (Dkt. #11 at 14–15.)

The "irreducible constitutional minimum of standing" requires three elements.[27] The first, "injury in fact," necessitates a showing of "an invasion of a legally protected interest."[28] The second, causation, requires the injury to be "fairly traceable to the challenged action of the defendant."[29] The third, redressibility, requires "a substantial likelihood that the requested relief will redress or prevent the injury."[30] "The party invoking federal jurisdiction bears the burden of establishing these elements."[31] At the motion to dismiss stage, a plaintiff may carry this burden by making "general factual allegations of injury resulting from the defendant's conduct."[32]

Maca is attempting to cancel an expedited removal. I have not discovered a single case where a court addressed cancellation of this type of removal directly. And Maca provides no support for the proposition that cancellation is applicable to § 1225(b)(1) expedited removals. He asserts that he has applied for cancellation and that he meets the statutory requirements for cancellation, but does not cite to any cases wherein an expedited removal was canceled.

The structure of the statutory scheme governing cancellation of removal suggests that cancellation does not apply to § 1225(b)(1) expedited removals. Statutory interpretation begins with the plain meaning of the statute.[33] "To determine the plain meaning of a statutory provision, [the court] examine[s] not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy."[34] It is significant that the statute providing for cancellation of removal is codified as § 1229b, and organized as a subpart of § 1229, entitled

---

[27] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[28] *Id.* (internal quotations marks omitted).

[29] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

[30] *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987) (citations omitted).

[31] *Lujan*, 504 U.S. at 561.

[32] *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014).

[33] *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1171 (9th Cir. 2011).

[34] *Id.*

5

"Initiation of Removal Proceedings."  In contrast to expedited removal under § 1225(b)(1), § 1229 relates to the initiation of formal removal proceedings before an immigration judge ("IJ").

"Expedited removal orders are very different from formal removal proceedings before an IJ."[35]  Individuals are afforded substantial procedural safeguards in a formal removal proceeding, including an evidentiary hearing and an expanded scope of judicial review.  "The IJ also has the authority to . . . determine applications for relief under various provisions in the [Immigration and Nationality Act], including cancellation of removal under 8 U.S.C. § 1229b."[36]  In contrast, § 1225(b)(1) "empowers border agents to unilaterally and expeditiously remove an alien at the border from the United States without further hearing or review . . . .  Moreover, there is no judicial review of expedited removal orders except as provided in [8 U.S.C. § 1252(e)]."[37]  Therefore, the placement of the cancellation provisions within § 1229 suggests that Congress likely intended to make cancellation relief available only to those aliens receiving the full procedural protections of a formal removal proceeding, while aliens subject to expedited removal receive only those protections afforded them in § 1225—which severely restricts procedural safeguards and limits the judicial review of expedited removal determinations.

Moreover, regulations promulgated by the Secretary of Homeland Security further suggest that cancellation is not applicable to expedited removals.  It is a long-recognized principle that "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer," unless that construction is unreasonable or contrary to clear congressional intent.[38]  The administration and enforcement of the statutory provisions at issue here have been expressly delegated to the Secretary of Homeland Security, who has established applicable regulatory guidelines under Title 8 of the Code of Federal Regulations.[39]

---

[35] *Galindo-Romero v. Holder*, 640 F.3d 873, 875 n. 1 (9th Cir. 2011).

[36] *Id.*

[37] *Id.* (internal quotation marks omitted).

[38] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984).

[39] 8 U.S.C. § 1103(a).

Regarding cancellation of removal, 8 C.F.R. § 1240.20(a) provides that an application for cancellation must be submitted "to the Immigration Court having administrative control over the Record of Proceeding of the underlying removal proceeding under [8 C.F.R. § 1240]." In the case of an expedited removal, there is no "Record of Proceeding of the underlying removal proceeding under section 1240." Indeed, because expedited removal proceedings fall under 8 C.F.R. § 1235, there can be no underlying removal proceeding under 8 C.F.R. § 1240. Therefore, an individual subject to expedited removal would have no forum in which to submit an application for cancellation because there is no § 1240 record of proceeding over which an Immigration Court could have administrative control.

In addition, 8 C.F.R. § 1240.20(a) provides that an application for cancellation of removal shall be submitted on Form EOIR-42, "Application for Cancellation of Removal." Because Maca would apply for cancellation as a nonpermanent resident, the form he must use is Form EOIR-42B.[40] The form provides that an applicant is eligible for cancellation only if "[p]rior to the service of the Notice to Appear, [he has] maintained continuous physical presence in the United States for ten (10) years or more."[41] A Notice to Appear is filed in order to commence formal removal proceedings before an IJ.[42] An alien subject to expedited removal never receives a Notice to Appear. As a result, an alien subject to expedited removal would never qualify for cancellation based on the application form required by the Secretary of Homeland Security's

---

[40] Form EOIR-42A is also used for cancellations of removal, but applies only to aliens who have been "lawfully admitted for permanent residence for not less than 5 years." *See* 8 U.S.C. § 1229b(a). Maca is seeking cancellation as a nonpermanent resident, for which he must meet the requirements of 8 U.S.C. § 1229b(b). Accordingly, the appropriate form in his case is Form EOIR-42B, "Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents."

[41] U.S Dep't of Justice, *Form EOIR-42B: Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents*, OMB#ll25-0001 (July 2014), http://www.justice.gov/eoir/eoirforms/eoir42b.pdf.

[42] 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1239.1.

regulations because he could never calculate the period of his physical presence in the United States with reference to the date of service of his Notice to Appear.

In light of (1) the lack of case law to support Maca's argument that he may pursue cancellation of a § 1225(b)(1) expedited removal, (2) a statutory structure that confines cancellation relief within provisions applicable only to formal removal proceedings, and (3) a regulatory scheme that makes it impossible for an alien subject to expedited removal to comply with the technical requirements of applying for cancellation, I find that cancellation of removal under 8 U.S.C. § 1229(b) is inapplicable to orders of expedited removal under 8 U.S.C. § 1225(b)(1).  Without any right to cancellation, Maca cannot make a showing as to any of the standing elements, including injury, causation, or redressibility.[43]  Accordingly, he has failed to establish that he has standing to bring claims premised on defendants' alleged failure to adjudicate his application for cancellation.

### IV.    CONCLUSION

Because I do not have subject matter jurisdiction to review Maca's expedited removal order on any of the bases asserted by Maca, I dismiss Maca's claims insofar as they relate to the reopening and review of that order.  Furthermore, because Maca is attempting to cancel an expedited removal order, and expedited removals are not subject to cancellation, he lacks standing to assert his cancellation claim. Therefore, I dismiss that claim as well.

Accordingly, IT IS ORDERED that defendants' Motion to Dismiss (Dkt. #11) is GRANTED.

DATED this 24th day of February, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[43] *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014).